IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
MAY - 1 2014

BRYAN AIKEN, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.

C & C PUMPING SERVICES, INC., a Florida
Profit Corporation, LESLIE HOLDORF,
individually and CHRIS HOLDORF, individually,

    Defendants
_____/

CIVIL ACTION
FILE NO.:

8:14 cv1043 T17 AEP

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRYAN AIKEN ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, C & C PUMPING SERVICES, INC ("C&C"), a Florida Profit Corporation, LESLIE HOLDORF, individually ("LH") and CHRIS HOLDORF, indivudually ("CH"), (collectively, "Defendants") and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be, a resident of Orange County, Florida.

4. At all times material hereto C&C was a Florida Profit Corporation. Further, at all times material hereto, C&C was engaged in business in Lake County, Florida.

5. At all times material hereto C&C provided concrete pumping services.

6. At all times relevant to this action, LH was an individual resident of the State of Florida.

7. At all times relevant to this action, LH owned C&C.

8. At all times relevant to this action, LH managed and operated C&C.

9. At all times relevant to this action, LH regularly exercised the authority to hire and fire employees of C&C.

10. At all times relevant to this action, LH determined the work schedules for the employees of C&C.

11. At all times relevant to this action, LH controlled the finances and operations of C&C.

12. At all times relevant to this action, LH was an employer as defined by 29 U.S.C. § 201, et. seq.

13. At all times relevant to this action, CH was an individual resident of the State of Florida.

14. At all times relevant to this action, CH owned C&C.

15. At all times relevant to this action, CH managed and operated C&C.

16. At all times relevant to this action, CH regularly exercised the authority to hire and fire employees of C&C.

17. At all times relevant to this action, CH determined the work schedules for the employees of C&C.

18. At all times relevant to this action, CH controlled the finances and operations of C&C.

19. At all times relevant to this action, CH was an employer as defined by 29 U.S.C. § 201, et. seq.

20. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA because his work involved construction of and on instrumentalities of commerce (i.e. interstate roadways).

21. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

22. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

23. Defendants were, and continue to be, "employers" within the meaning of FLSA.

24. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

26. Based upon information and belief, the annual gross revenue of

Defendants was in excess of $500,000.00 per annum during the relevant time periods.

27. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who regularly drove vehicles, used cell phones and hand tools, and worked with concrete materials—all necessary for Defendants' business—that were manufactured outside the state of Florida.

28. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

29. The additional persons who may become plaintiffs in this action are/were non-exempt laborer employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

30. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

31. On or about April 2011, Defendants hired Plaintiff to work as an hourly paid non-exempt "concrete boom operator."

32. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

33. From at least April 2011, and continuing through April 2013, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for

4

all hours worked in excess of forty (40) hours in a single work week.

34. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

35. Defendants have violated Title 29 U.S.C. § 207 from at least April 2011 and continuing through April 2013, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

36. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff re-alleges and re-avers paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. From at least April 2011 and continuing through April 2013, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated

at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

39. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

40. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

41. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

42. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

44. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

45. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime

hours.

46. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for all hours worked in excess of forty (40) in one or more workweeks because Defendants failed to pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half their regular rate of pay for such hours.

47. Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

48. Plaintiff re-alleges and re-avers paragraphs 1 through 36 of the Complaint as if fully set forth herein.

49. This Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 USC §§ 2201-02.

50. Plaintiff may obtain declaratory relief.

51. Defendants employed Plaintiff.

52. Defendant C&C is an enterprise, subject to coverage of the FLSA in 2011.

53. Defendant C&C is an enterprise, subject to coverage of the FLSA in 2012.

54. Defendant C&C is an enterprise, subject to coverage of the FLSA in 2013.

55. Defendants failed to pay Plaintiff proper overtime compensation for all overtime hours worked.

56. Defendants did not keep accurate time records pursuant to 29 U.S.C. §

211(c) and 29 C.F.R. Part 516.

57. Defendants failed to take affirmative steps to support a good faith defense.

58. Plaintiff is entitled to liquidated damages.

59. It is in the public interest to have these declarations of rights recorded.

60. Plaintiff's declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

61. It is in the interest of all current and former employees to get a declaratory judgment.

62. Plaintiff demands trial by jury.

   a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff the declaratory relief sought herein;

   c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

   d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   f. Awarding Plaintiff pre-judgment interest; and

   g. Ordering any other further relief the Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this_____day of April, 2014.

Respectfully submitted,

Amanda E. Kayfus, Esq.
Florida Bar No.: 92805
Andrew Frisch, Esq.
Florida Bar No.: 02777
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: akayfus@forthepeople.com
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*